### Juan Carlos ILLESCAS–DUTAN, Petitioner,

v.

### Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–3766–ag.

United States Court of Appeals, Second Circuit.

March 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**110**

Joshua E. Bardavid, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Juan Carlos Illescas–Dutan, a native and citizen of Ecuador, seeks review of an August 6, 2007 order of the BIA affirming the October 27, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Illescas–Dutan, Juan Carlos,* No. A76 579 089 (B.I.A. Aug. 6, 2007), *aff'g* No. A76 579 089 (Immig. Ct. N.Y. City Oct. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that remand is appropriate because the IJ's analysis was defective with respect to his denial of Illescas–Dutan's claims based on his fear of persecution and torture inflicted by government actors. Because the IJ credited Illescas–Dutan's testimony that he was gay and

accepted his argument that he belonged to the particular social group of gay Ecuadorians, Illescas–Dutan need only have shown that his fear of future persecution was objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ failed to consider parts of the record, which, as Illescas–Dutan argues, corroborated his subjective fear of persecution and provided a reasonable basis for asserting that this fear was objectively reasonable. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274 (2d Cir.2005). A 2005 State Department Report and Amnesty International Reports in the record reported campaigns of arrest and detention of gay individuals and resultant instances of ill-treatment and torture, as well as an endemic problem of torture and ill-treatment of individuals in police custody. On this record, although the IJ may have had "some reason for discounting the . . . record evidence, it [was] not sufficient to simply ignore it when announcing a conclusion" that "nothing" in the background material supported Illescas–Dutan's claimed fear of police violence. *Id.* at 272. Moreover, the IJ's failure to consider significant aspects of the record evidence was underscored by his reliance on the existence of a constitutional anti-discrimination provision which multiple reports in the record indicated was ineffective given that gay individuals continued to suffer discrimination from public bodies. Indeed, where the IJ based his conclusion that Illescas–Dutan's fear was not objectively reasonable in part on the existence of an anti-discrimination provision, this evidence was not "a factor . . . too insignificant to merit discussion" and should have been examined by the IJ. *See id.* at 273.

Insofar as the IJ failed to consider country conditions evidence in the record corroborating Illescas–Dutan's subjective fear of persecution and providing a basis for asserting that such a fear was objectively reasonable, this Court's review of whether Illescas–Dutan sufficiently established his eligibility for asylum is frustrated and remand is appropriate. *See Yan Chen,* 417 F.3d at 275 ("Where the immigration court fails to consider important evidence supporting a petitioner's claim, we are 'deprived of the ability adequately to review' the claim and must vacate the decision and remand for further proceedings."). Moreover, because the IJ's analysis of Illescas–Dutan's well-founded fear was erroneous, the related findings that Illescas–Dutan therefore necessarily failed to establish the higher burden of proof for withholding of removal and CAT relief are also flawed. *See id.* Finally, because Illescas–Dutan's claimed fear of harm inflicted by government actors formed an independent basis of relief, we need not reach the IJ's denial of Illescas–Dutan's claims based on his fear of harm inflicted by private actors and, in any event, cannot confidently predict that on remand, the agency would reach the same result. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006)

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).